UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND MIMMS,<br><br>                    Plaintiff,<br><br>          v.<br><br>RENT-A-CENTER, INC., et al.,<br><br>                    Defendants. | Case No. CV 15-116 DMG(JC)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I.     BACKGROUND AND SUMMARY

On January 7, 2015, plaintiff, Demond Mimms ("plaintiff"), who is at liberty and is proceeding *pro se* and *in forma pauperis*, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against Rent-A-Center, Inc. ("RAC"), the County of Los Angeles ("County"), the Los Angeles Police Department ("LAPD"), and LAPD officers Trujillo and White.  Plaintiff seeks declaratory, injunctive, and monetary relief from all defendants.

As plaintiff is proceeding *in forma pauperis*, the assigned Magistrate Judge screened the Complaint to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

On March 30, 2015, the Magistrate Judge issued an order ("March Order")

advising plaintiff that the Complaint was deficient for reasons described in the March Order, dismissing the Complaint, and affording plaintiff leave to file a First Amended Complaint by April 13, 2015, if he wished to proceed with this action.[1] The March Order expressly cautioned plaintiff that the failure timely to file a First Amended Complaint might result in the dismissal of this action with or without prejudice on the grounds set forth in the March Order and/or for failure diligently to prosecute. Court records reflect that the March Order was sent to plaintiff at the Leeward Avenue address currently reflected on the docket as plaintiff's address of record ("Address of Record") on March 31, 2015 at 9:53 a.m. and was not returned as undeliverable.

     As the foregoing April 13, 2015 deadline expired without any action by plaintiff, the Magistrate Judge, on April 28, 2015, issued an Order to Show Cause Re Dismissal ("First OSC") directing plaintiff, by May 12, 2015, to show cause in writing why this action should not be dismissed based upon the deficiencies in the Complaint which had been identified in the March Order, and/or based upon plaintiff's failure to prosecute this action. Court records reflect that the First OSC was sent to plaintiff at his Address of Record on April 28, 2015 at 2:25 p.m. and was not returned as undeliverable.

     On May 12, 2015, plaintiff filed a response to the First OSC ("Response") which reflected that plaintiff then still maintained the Address of Record, but in which plaintiff claimed that he had never received the March Order. In light of the

---

[1] Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to authorities, that the Complaint, among other deficiencies failed to state a Section 1983 claim against the County and the LAPD because plaintiff did not plausibly allege that any action which purportedly caused a constitutional violation was carried out pursuant to an official policy of either entity, failed to state viable Fourth Amendment false arrest and excessive force claims against defendants Trujillo and White, failed to state a viable Section 1983 claim against defendant RAC – a private corporation, and failed, in light of the absence of a viable federal claim affording an independent basis for subject matter jurisdiction, to state a basis for the Court to exercise supplemental jurisdiction to consider plaintiff's state law claims against RAC.

substance of the Response, the Magistrate Judge, on May 13, 2015, ordered the First OSC discharged, ordered the Clerk to re-serve plaintiff with the March Order, and extended plaintiff's deadline to file a First Amended Complaint to May 27, 2015 ("May Order").  The May Order again expressly cautioned plaintiff that the failure timely to file a First Amended Complaint may result in the dismissal of this action with or without prejudice on the grounds set forth in the March Order and/or for failure diligently to prosecute.  Court records reflect that the May Order and attachments (which included a copy of the March Order) were sent to plaintiff at his Address of Record on May 13, 2015 at 2:54 p.m. and were not returned as undeliverable.

As the foregoing May 27, 2015 deadline expired without any action by plaintiff, the Magistrate Judge, on June 11, 2015, issued another Order to Show Cause Re Dismissal ("Second OSC") directing plaintiff, by June 18, 2015, to show cause in writing why this action should not be dismissed based upon the deficiencies in the Complaint which had been identified in the March Order, and/or based upon plaintiff's failure to prosecute this action.  The Second OSC expressly cautioned plaintiff that the failure to comply with the Second OSC and/or to show good cause, may result in the dismissal of this action based upon the deficiencies identified in the March Order, plaintiff's failure to prosecute this action and/or plaintiff's failure to comply with the Second OSC.  Court records reflect that the Second OSC was sent to plaintiff at his address of record on June 11, 2015 at 11:38 a.m. and was not returned as undeliverable.

On June 24, 2015 – six days after the deadline for responding to the Second OSC had already expired – plaintiff filed a response to the Second OSC ("Second Response") which again reflected that plaintiff then still maintained the Address of Record.  Plaintiff claimed in the Second Response that (1) he had never received the March Order; (2) the Court had failed and/or refused to ensure that plaintiff receive a copy of the March Order, which had deprived plaintiff of the right to prosecute

1  this action; (3) on June 18, 2015 (*i.e.*, the deadline to respond to the Second OSC)
2  plaintiff had come to court in person but had been "denied access to [the] court" by
3  a "security guard" allegedly because "plaintiff was rude and . . . did not have the
4  right access to the court"; and (4) the Court was attempting to sabotage plaintiff's
5  instant civil rights action.[2]

In light of the foregoing, on July 7, 2015, the Magistrate Judge issued another order ("July Order"), directing the Clerk to attach a copy of the March Order and its attachments to the July Order and forthwith to serve plaintiff therewith at his Address of Record via both (a) First Class United States Mail, postage prepaid; and (b) United States Postal Certified Mail (with return receipt requested), postage prepaid. The July Order further extended plaintiff's deadline to file a First Amended Complaint to July 21, 2015, advised him that no further extensions of such deadline would be granted, and cautioned that plaintiff's failure timely to file a First Amended Complaint may result in the dismissal of this action with or without prejudice based upon the grounds set forth in the March Order, plaintiff's failure diligently to prosecute this action, and/or plaintiff's failure to comply with the Second OSC. Court records reflect that (1) the July Order and attachments (which included a copy of the March Order and attachments) were sent to plaintiff at his address of record on July 7, 2015 at 11:50 a.m. via both First Class United States Mail and United States Postal Service Certified Mail (with return receipt requested), postage prepaid, and were not returned as undeliverable; and (2) on July 13, 2015, the Court received the return receipt of Certified Mail

///
///

---

[2]The Second Response appears to have been signed on June 18, 2015 and was postmarked June 22, 2015.

from the mailing of the July Order (apparently signed by plaintiff)[3] which reflects the "Date of Delivery" as July 9, 2015. The foregoing July 21, 2015 deadline has long expired without any action by plaintiff.

As discussed below, this action is dismissed due to plaintiff's unreasonable failure to prosecute and plaintiff's failure to comply with the Court's orders.

## II. PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors

---

[3]The signature on the return receipt appears to match plaintiff's signature on his pleadings.

1  support dismissal . . . or where at least three factors 'strongly' support dismissal."
2  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations
3  omitted).  Where a plaintiff is proceeding *pro se*, however, the court must first
4  notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an
5  opportunity "to amend effectively."  Ferdik, 963 F.2d at 1261 (citation omitted).  In
6  addition, where a Magistrate Judge originally dismissed the complaint with leave to
7  amend, the District Judge must review that decision before dismissing the entire
8  action.  See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss
9  complaints with leave to amend, the district court necessarily must review that
10 decision before dismissing the entire action.").  A district judge may not dismiss an
11 action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to
12 file an amended complaint) or for unreasonable failure to prosecute if the initial
13 decision to dismiss a complaint was erroneous.  Yourish v. California Amplifier,
14 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

## III. DISCUSSION AND ORDER

First, the Court has reviewed the March Order, agrees with the March Order, and finds that the Magistrate Judge properly dismissed the Complaint with leave to amend for the reasons discussed therein.

Second, plaintiff has been repeatedly notified that the Complaint failed to state any viable claim for relief and was subject to dismissal, at least, based upon the deficiencies detailed at length in the March Order.  Plaintiff has been granted multiple opportunities to either file a First Amended Complaint or to provide good cause why dismissal is not appropriate.  Plaintiff has done neither.[4]

---

[4]For the reasons explained in significant detail in the July Order, with which this Court agrees, plaintiff's conclusory and self-serving assertions regarding his non-receipt of the March Order are not credible and fall well short of rebutting the presumption that he contemporaneously received all of the orders/all copies of the orders sent to him at the Address
(continued...)

Finally, upon consideration of the five factors noted above, the Court finds plaintiff's unreasonable failure to prosecute his case and failure to comply with court orders warrants dismissal. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. In short, plaintiff's failure to respond to the Court's directives has caused the action to come to a virtual standstill, and has effectively resulted in plaintiff controlling the pace of the docket rather than the court. The third factor, risk of prejudice to defendants, also weighs strongly in favor of dismissal. Where, like here, there has been such an unreasonable delay, a presumption of injury arises. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (citation omitted). When evaluating prejudice courts also consider the reasons proffered for delay. See Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted), cert denied, 488 U.S. 819 (1988). Here, as noted above, plaintiff's primary justification for essentially doing nothing to pursue his case in a timely manner is not credible. The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. As for the fifth factor, since plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the Court's orders, and plaintiff has been afforded ample opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal with prejudice is feasible. See, e.g., Yourish, 191 F.3d at 989

///

---

[4](...continued)
of Record. See Grigoryan v. Experian Information Solutions, Inc., __ F. Supp. 3d __, 2014 WL 7745883, *8 (C.D. Cal. Dec. 18, 2014) ("[T]he Ninth Circuit applies a rebuttable presumption that [first class United States Postal Service] mail sent within the contiguous United States arrives at its intended destination within three days.") (citing, inter alia, Dandino, Inc. v. United States Department of Transportation, 729 F.2d 917, 921 (9th Cir. 2013)), reconsideration denied, 2015 WL 1909584 (C.D. Cal. Apr. 27, 2015).

1 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure
2 timely to comply with court's order to submit an amended complaint).
3     IT IS THEREFORE ORDERED that this action is dismissed with prejudice
4 based upon plaintiff's unreasonable failure to prosecute and his failure to comply
5 with the Court's orders.
6     IT IS SO ORDERED.
7 DATED:  September 23, 2015

                              _____
                                    DOLLY M. GEE
                              UNITED STATES DISTRICT JUDGE